**GI M. MALALA, for himself and on behalf
of the GI FAMILY of Pago Pago, Plaintiff**

**v.**

**LEAIA TEMU and SOLEMA TEMU, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 22-88

August 7, 1989

33

Before REES, Associate Justice.

Counsel: For Plaintiff, Gata E. Gurr
 Defendants pro se

Memorandum Order:

This case arose from a petition by Gi Malala for the Court to order Leaia Temu and Solema Temu evicted from Gi family land.

Trial of the case was held on March 15, 1989. The Court requested the parties to attempt a settlement, suggested the terms of a possible settlement, and asked the parties to report back to the Court within thirty days.

On May 20, 1989, the Court requested a report from counsel about the progress of any attempts at settlement.

On June 2, 1989, counsel for plaintiff Gi filed a report indicating that there had been no settlement or reconciliation among the parties; that a building had been dismantled by the defendants had been suggested by the Court; but that the defendants had never apologized to Gi as had also been suggested by the Court; and that the defendants had in fact begun clearing a new area previously assigned to other persons.

On June 15, 1989, counsel for defendants filed a report saying that the building had been taken down, but not contesting plaintiff's allegation that no attempts at apology or reconciliation had been made by defendants.

On June 27, 1989, the Court issued its opinion and order. The opinion and order affirmed the right of Gi to evict the defendants, and ordered them to vacate the property within thirty days unless Gi should give them permission to remain. [*Gi v. Temu*, 11 A.S.R.2d 137 (1989).]

No motion for reconsideration or new trial was filed by the defendants within the ten-day period required by A.S.C.A. § 43.0802(a).

34

Today, August 7, 1989, a lengthy memorandum addressed to the Justice who presided at trial has been hand-delivered to the Court. The memorandum is dated July 17, 1989. No explanation is given for the twenty-one day delay in its delivery. It is signed by several persons including defendant Solema, and it states that "the defendants and we children of Temu Malala just received the Clerk's Entry of Judgment."

The memorandum then states a number of things its signatories believe to have been wrong with the Court's decision. Aside from general disapproval of the Court, of Gi Malala, and of certain uncles and aunties who are said to have been responsible for allowing Gi Malala to become sa'o of the family, the memorandum contends (1) that the Court's statement that defendant Solema is not a blood member of the family is contrary to the evidence at trial; and (2) that defendants did in fact attempt a reconciliation with Gi but that he evaded and then rebuffed them.

The deadline for filing a motion for new trial was July 7, 1989. A copy of the opinion and judgment were served on defendants' counsel on June 27. It was his duty to inform them of the result in the case in time for them to decide whether they wished to file a motion for new trial or reconsideration. When they did not file such a motion by July 7, defendants gave up their right to appeal the decision. *See* A.S.C.A. § 43.0802(a),(b).

Although it is true, as is pointed out in the memorandum, that defendants' counsel has been suspended from the practice of law for a period that began on July 1, he should have informed them of the opinion and explained their right to appeal prior to July 1.

The deadlines for filing motions for new trial and appeal are set by the Fono. The Court is not free to overlook or extend them. The Rules of Civil Procedure do provide, however, that a party may file a Motion for Relief from Judgment later than ten days after the judgment. T.C.R.C.P. Rule 60(b). In order to prevail on such a motion, a party must show not only that the judgment was wrong but also that he has some compelling justification for not having called the mistake to the Court's attention within the ten days provided for filing a motion for new trial. Motions for Relief from Judgment are only granted in the most extraordinary circumstances. (This explanation is a simple and therefore incomplete one; the defendants are strongly urged to seek new counsel if they wish to pursue this matter.)

35

Since the memorandum submitted on behalf of defendants states that the defendants had "just received" the judgment on July 17. If so, and depending on the circumstances, this might support a motion for relief from the judgment. Since the memorandum does seem to seek relief from the judgment, the Court will construe it as a Rule 60(b) motion and will set it for hearing on August 22, 1989.

Defendants have the right to represent themselves at this hearing, but the Court strongly urges them to seek representation of counsel. If they do wish to be represented, they should retain a lawyer or legal practitioner *today* so that he will have time to prepare for the August 22 hearing.

The setting of this matter for hearing does *not* give defendants the right to ignore or disobey the judgment against them. The defendants were ordered to vacate by July 27. The memorandum filed on their behalf seems to indicate that defendants do have places to live other than the Gi land. Until and unless their motion is granted, they must obey the Court's order of June 27.

It is so ordered.